UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **KACEY NICOLE WAGNER,** § § § | |
| plaintiff, § § | |
| v. § | Case 3:22-cv-257 |
| § | |
| **NEWREZ, LLC dba Shellpoint** § | |
| **Mortgage Servicing,** § § § | |
| defendant. § | |

## SHELLPOINT'S REMOVAL NOTICE

NewRez LLC dba Shellpoint Mortgage Servicing (**Shellpoint**) removes Ms. Wagner's state court action to this court pursuant to 28 USC §§ 1332 and 1441.

### I.  STATEMENT OF THE CASE

1. On July 5, 2022, Ms. Wagner sued Shellpoint in the case styled *Kacey Nicole Wagner v. Newrez, LLC dba Shellpoint Mortgage Servicing* and assigned case 22-CV-1214 in the 212th district court of Galveston County, Texas.  (orig. pet., **ex. 1**.)  She sues to enjoin a July 5, 2022 foreclosure sale of the property at 21 Edgewater Street, Bayou Vista, TX 77563.  (*Id*. at ¶¶ 7, **ex. 1**.)

2. Ms. Wagner claims Shellpoint is not entitled to foreclose for a variety of vague and conclusory complaints.  (*Id*. at ¶¶ 11-22, 32-39, **ex. 1**.)  Her petition includes references to violations of RESPA, 12 CFR § 1024, *et seq*., failure to provide notice of transfer, assignment or sale of the note, failure to properly manage the loan and the escrow amount, misleading her when applying for a loan modification and violation of HUD regulations.  (*Id*. at ¶¶ 11-13, 24-26, **ex. 1**.)  She sues for (**1**) negligence, (**2**) violation of the Texas Property Code §51.002, and (**3**) breach of contract, and seeks damages, injunctive relief and attorneys' fees.  (*Id*. at ¶¶ 7, 11-29, 31 & prayer, **ex. 1**.)

## II. DIVERSITY JURISDICTION

3. The court may exercise diversity jurisdiction pursuant to 28 USC § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.

### A. The parties are citizens of different states.

4. Ms. Wagner is a citizen of Texas, where she resides. (orig. pet. at ¶ 2, **ex. 1**.); *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

5. Shellpoint is a citizen of Delaware and New York. Shellpoint is an assumed name of NewRez LLC, a Delaware limited liability company. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). NewRez LLC has one member: Shellpoint Partners LLC, a Delaware limited liability company. Shellpoint Partners LLC has two members (**1**) NRM Acquisition LLC and (**2**) NRM Acquisition II LLC, both of which are Delaware limited liability companies. They each have just one member: New Residential Mortgage LLC, a Delaware limited liability company. New Residential Mortgage LLC has one member: New Residential Investment Corp., a Delaware corporation with its principal place of business in New York.

### B. The amount in controversy exceeds $75,000.

6. When a defendant removes on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in its state court petition. 28 USC § 1446(c)(2). If the plaintiff does not state the amount of damages it seeks, the burden falls on the defendant to prove the value of the plaintiff's claims. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing defendant must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This requirement can be satisfied if "(**1**) it is apparent from the face of the petition that the claims are likely to exceed $75,000,

or, alternatively, (**2**) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.* (citing *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).

7. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); *see also Nationstar Mortg., LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009) ("[w]hen … a right to property is called into question in its entirety, the value of the property controls the amount in controversy") (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)).

8. The object of this litigation—21 Edgewater Street, Bayou Vista, TX 77563—is valued at $281,400 by the Galveston Central Appraisal District. (Galveston appraisal dist. report, **ex. 6**.) *See e.g.*, *Anderson v. Wells Fargo Bank, N.A.*, No. 4:12-cv-764, 2013 WL 1196535, at *3 (E.D. Tex. Feb. 22, 2013) ("The property at issue in this lawsuit has a current fair market value of $114,000, according to the Denton County Central Appraisal District.  Therefore, Defendant has met its burden of establishing that the amount in controversy exceeds $75,000.")  The amount in controversy exceeds $75,000, and the court may exercise diversity jurisdiction.

### III.   PROCEDURAL REQUIREMENTS SATISFIED

9. Removal is timely under 28 USC § 1446(b) if it is filed within thirty days of the defendant's receipt of the complaint and summons. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (requiring formal service of process to trigger removal deadline). Shellpoint has not been formally served with a summons and Ms. Wagner's petition, so this removal is timely.  Venue is proper in this court because the United States District Court for the Southern

District of Texas embraces the place in which the state court action was pending. 28 USC § 1441(a). Notice has been sent to the state court regarding this removal.

10. A true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **exhibits 1-4** pursuant to 28 USC § 1446(a).

## IV.   CONCLUSION

The parties are completely diverse, and the amount in controversy exceeds $75,000. This court may exercise diversity jurisdiction over this action.

Date: July 20, 2022                                           Respectfully submitted,


   */s/ Michael J. McKleroy, Jr.*
Michael J. McKleroy, Jr.
SBN: 24000095, FBN: 576095
michael.mckleroy@akerman.com
 --*Attorney in Charge*
C. Charles Townsend
SBN: 24028053, FBN: 1018722
charles.townsend@akerman.com
Alfredo Ramos
SBN: 24110251, FBN: 3687680
fred.ramos@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR SHELLPOINT MORTGAGE SERVICING**

## **CERTIFICATE OF SERVICE**

A true and correct copy of this document was served on July 20, 2022 as follows:

Robert C. Newark, III
A Newark Firm
1341 W. Mockingbird Lane, Suite 600W
Dallas, Texas 75247
*Counsel for Plaintiff*
**VIA CM/ECF AND
VIA CERTIFIED MAIL RECEIPT
NO. 9414 7266 9904 2186 4864 13**

                  */s/ Michael McKleroy, Jr.*
                  Michael McKleroy, Jr.