IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KACEY NICOLE WAGNER, | § | |
| | § | |
| plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-00257 |
| | § | |
| NEWREZ, LLC dba Shellpoint Mortgage Servicing, | § | |
| | § | |
| defendant. | § | |

### SHELLPOINT'S OPPOSITION TO MOTION TO WITHDRAW

NewRez LLC dba Shellpoint Mortgage Servicing opposes Mr. Robert Newark's motion to withdraw as counsel for plaintiff Kacey Wagner because (1) Ms. Wagner's deposition is scheduled for this Friday, March 10, 2023, and (2) Mr. Newark negotiated and agreed to the terms of a written settlement agreement. Shellpoint is prepared to honor the terms of the settlement, which would avoid the deposition and conclude the litigation.

A.   **Legal Standard**

An attorney may withdraw as counsel of record only "upon leave of the court and a showing of good cause and reasonable notice to the client." *Keyes v. Wells Fargo Bank, N.A.*, No. 3:20-CV-633-G-BN, 2020 WL 10963960, at *1 (N.D. Tex. May 1, 2020) (quoting *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)); *Caddell v. Caddell*, 597 S.W.3d 10, 13 (Tex. App.—Houston [14th Dist.] 2020) (trial court abused its discretion by failing to ensure, before allowing counsel to withdraw, "that the attorney has taken reasonable steps to avoid foreseeable prejudice to the rights of the client, including (1) giving due notice to the client, (2) allowing time for employment of other counsel, and (3) delivering to the client all papers and property to which the client is entitled.").

1

The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal.  *See Fed. Trade Comm'n v. Intellipay, Inc.*, 828 F.Supp. 33, 34 (S.D. Tex. 1993).  "If a district court is not persuaded that good cause for withdrawal exists, it has substantial latitude to deny an attorney's motion to withdraw."  *White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (citations omitted).

At least one court denied an attorney's motion to withdraw upon finding the clients' failure to pay attorney's fees and the lack of communication between the attorney and the clients were <u>not</u> adequate reasons to allow withdrawal.  *Intellipay*, 828 F. Supp. at 33.

B. <u>**Mr. Newark's Motion Fails to Paint the Full Picture**</u>

Mr. Newark's motion to withdraw fails to inform the court of two significant facts pertinent to this court's evaluation of whether his withdrawal prejudices Ms. Wagner: (1) Ms. Wagner's upcoming March 10, 2023 deposition, and (2) settlement.

<u>First</u>, on February 8, 2023, Shellpoint served a notice of deposition of Ms. Wagner, via Mr. Newark, setting her deposition for March 10, 2023.[1]  **Exhibit A**.  An order granting Mr. Newark's withdrawal leaves Ms. Wagner without preparation or representation for her deposition at a critical juncture before dispositive motions are due.

<u>Second</u>, Shellpoint and Ms. Wagner, via Mr. Newark, reached a settlement.[2]  Mr. Newark represented his client would sign the settlement agreement upon one non-substantive change—Mr. Newark asked the settlement payment be distributed directly to Ms. Wagner rather than through Mr. Newark.[3]  Shellpoint updated the settlement agreement with the change and circulated the

---

[1] Shellpoint served an amended deposition notice following Mr. Newark's motion to withdraw, and with his consent, to allow the deposition to proceed remotely by Zoom.  **Exhibit B**.

[2] Shellpoint will separately file a motion to enforce settlement under seal to further detail the terms of settlement.

[3] While Mr. Newark states he emailed a copy of his motion to withdraw to Ms. Wagner in the certificate of service, he does not state Ms. Wagner has failed to respond to Mr. Newark's emails.  (Doc. 11 at ¶ 1(a).)  Thus, it is not clear if Mr. Newark has exhausted his attempts at client cooperation.

revised settlement agreement to Mr. Newark on February 21, 2023. Only eight days later, Mr. Newark moved to withdraw. Moments after the filing, undersigned counsel asked Mr. Newark if Ms. Wagner still intends to settle. Mr. Newark responded that Ms. Wagner has been nonresponsive after he sent the revised settlement agreement to her. But that only equates to, at most, eight days for which Mr. Newark had not heard from his client. Shellpoint's counsel provided the revised settlement agreement to Mr. Newark on February 21, 2023, and Mr. Newark filed his motion to withdraw on March 1, 2023.[4]

### 3. Mr. Newark Fails to Satisfy His Burden to Withdraw

While Shellpoint does not oppose Mr. Newark's withdrawal in principle, his withdrawal should not be granted to the prejudice of Ms. Wagner and to Shellpoint. Mr. Newark filed his motion to withdraw less than 2 weeks before Ms. Wagner is scheduled to be deposed and after confirming settlement. Mr. Newark's withdrawal further comes less than one month before dispositive motions are due on March 24, 2023. (Doc. 9.) A court is entitled to deny a motion to withdraw where the attorney seeks withdrawal on the eve of significant case deadlines. *See Intellipay*, 828 F. Supp. at 33 (finding prejudice and denying withdrawal where the attorneys moved to withdraw one month before trial).

Mr. Newark's motion fails to provide any detail as to whether Ms. Wagner intends to either appear for deposition or execute the settlement agreement. Although Mr. Newark represents he had not heard from Ms. Wagner since he provided the updated settlement agreement to her, which had to have been on or after February 21, 2023, that is insufficient time to justify placing the litigation in jeopardy at this critical stage. Mr. Newark's motion is silent on what steps, if any, he has taken to mitigate prejudice to Ms. Wagner with the timing of his withdrawal after (1)

---

[4] Further details of these conversations are detailed in Shellpoint's motion to enforce settlement.

3

confirming settlement, (2) on the eve of Ms. Wagner's deposition, and (3) less than one month before the dispositive motion deadline (doc. 9).  Mr. Newark has not made a sufficient showing to withdraw.  *See Intellipay*, 828 F. Supp. at 33 (denying withdrawal one month before trial).[5]

Dated: March 8, 2023                                   Respectfully submitted,


                                                       /s/ Melanie D. Morgan
                                                       Melanie D. Morgan, SBN: 24039096
                                                       -- *Attorney in Charge*
                                                       AKERMAN LLP
                                                       2001 Ross Avenue, Suite 3600
                                                       Dallas, Texas  75201
                                                       Telephone: 214.720.4300
                                                       Facsimile:  214.981.9339
                                                       E-Mail:  melanie.morgan@akerman.com

                                                       **ATTORNEYS FOR NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICING**


## CERTIFICATE OF SERVICE

I certify that on March 8, 2023, a true and correct copy of the foregoing was filed via the Court's CM/ECF filing system, which will serve notice to the following:

**Via: CM/ECF**
Robert C. Newark, III
A Newark Firm
1341 W. Mockingbird Lane, Suite 600W
Dallas, TX  75247
*Attorney for Plaintiff*


                                                       /s/ Melanie D. Morgan
                                                       Melanie D. Morgan

---

[5] If a signed settlement agreement is delivered to Shellpoint's counsel (or if the court grants Shellpoint's separately filed motion to enforce settlement), Shellpoint will vacate Ms. Wagner's deposition and honor the terms of the settlement, and this case can be dismissed with prejudice.